# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Constance Vaughn, | |
| Plaintiff, | Civil Action File No.: |
| v. | |
| USI Solutions, Inc. and Autovest, LLC, | **COMPLAINT WITH** <br> **JURY TRIAL DEMAND** |
| Defendants. | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendants' overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendants' conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Constance Vaughn, is a natural person who resides in Gwinnett County, Georgia.

2. Defendants, USI Solutions, Inc., hereinafter USI, is a corporation formed under the laws of the State of Delaware with its principal place of business

in Pennsylvania. It can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 and through its president, Ms. Mary Weil, and its managing member, Larry Weil, at 408 Mill Street, Bristol, Pennsylvania.

3. Autovest, LLC, is a limited liability corporation doing business in Georgia. It can be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.	Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County and one or more Defendants maintains a registered agent in Gwinnett County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

8.	Plaintiff is allegedly obligated to pay a deficiency balance following the repossession and sale of a vehicle purchased for her personal use.  Plaintiff is therefore a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.	Defendants, USI Solutions, Inc., hereinafter "USI", is a collection agency specializing in the collection of consumer debt.

10.	USI uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.	USI markets itself as a "creditor's rights firm that specializes in debt collection." It writes on its website that it *"...is committed to employing innovative and evolving strategies through utilizing cutting edge technology in every step of the collection process. We handle accounts in all phases of collection: before, during, and after suit, including post-judgement remedies."* See, unitrustsolutionsinc.com. (Last visited December 27th, 2019.)

12. USI manages and collects upon thousands of consumer debt accounts annually.

13. USI is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendants Autovest, LLC, hereinafter "Autovest", is a private investment company that acquires distressed consumer automobile portfolios from direct lenders. Per its website, Autovest currently holds more than 1.7 billion in charged off automobile debt. See, autovestllc.com.

15. Autovest's principal business is the purchase of consumer debt and the collection of those accounts for its commercial benefit.

16. Autovest uses interstate commerce and/or mail in its business in the collection of consumer debts.

17. Autovest manages, and collects upon, thousands of consumer debt accounts annually.

18. Autovest is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. At all times relevant hereto USI, has acted on behalf of Autovest as its agent for collection activity against the Plaintiff.

20. In all aspects, USI has acted with the approval and at the direction of Autovest.

21. Upon information and belief, Defendants are seeking to collect from the Plaintiff a deficiency balance following the repossession and sale of a motor vehicle.

22. Georgia law requires a creditor who would seek a deficiency following the repossession and sale of a vehicle to perform specific conditions-precedent including the issuance of a statutorily mandated writing to the Debtor within 10 days of a repossession. This writing is commonly referred to as a "Notice of Intent to Sell". See, O.C.G.A, § 10-1-36.

23. A creditor's failure to comply with the requirements of the Georgia statute as they relate to the production and delivery of this writing is an absolute bar to the recovery of any deficiency. *Bryant Int'l, Inc. v. Crane*, 188 Ga. App. 736, 374 S.E.2d 228 (1988).

24. Upon information and belief, neither the Defendants nor the creditor at time of repossession complied with O.C.G.A. § 10-1-36.

25. Accordingly, both Autovest and its agent USI are precluded from seeking any such recovery as a matter of law.

26. At all times relevant to this action, Defendants knew or should have known that the requirements of O.C.G.A. § 10-1-36 had not been met and that they were unlawfully attempting to collect an unenforceable claim.

27. Defendants have falsely communicated and represented that Plaintiff is legally obligated to pay the amount they seek.

28. USI has initiated a number of telephone calls to the Plaintiff seeking collection of the debt referenced herein.

29. On or about December 18th, 2019, the Defendants initiated a call to the Plaintiff during her work hours. The Plaintiff advised that she could not take calls at work for fear of losing her position. Defendants' agent was sarcastic and disinclined to terminate the call. The Plaintiff hung up.

30. Upon information and belief, on or about December 20, 2019, the Plaintiff initiated a call to USI with the intention of getting more information regarding the debt under collection and to reiterate that she cannot receive calls during her work hours without her job being in jeopardy.

31. During the course of that conversation, USI confirmed that it is collecting on an account owned by Autovest and arising out of the repossession of a vehicle originally financed by Wells Fargo. The repossession occurred in November 2007. The balance being collected, per Defendants, is $30,852.08.

32.     Of the amount being collected, Defendants assert that $15,033.14 is alleged to be accrued interest.

33.     The Plaintiff is wholly unable to pay the amount sought by Defendants and conveyed that to USI.

34.     USI responded that it will advise Autovest that the Plaintiff is refusing to cooperate and would classify the Plaintiff as engaging in a "deliberate evasion" of the debt.

35.     The Plaintiff inquired as to whether this account would appear on her credit report as a negative entry. USI responded that Autovest had just purchased the account from Wells Fargo so it was "fresh" to them. Plaintiff interpreted this to mean that Defendants intended to report the account to credit reporting agencies.

36.     The Plaintiff inquired as to whether or not this would appear on her credit as a positive entry if she began making partial payments toward the balance. USI responded that it would "absolutely improve her situation across the board."

37.     The Plaintiff inquired as to what type and what amount of monthly payments she could establish that would be accepted by the Defendants. USI responded by stating that first an "application for dismissal" should be done and then they could determine what the Plaintiff might qualify for. This was interpreted by Plaintiff to mean that some type of action may be pending against her currently.

38. The Plaintiff also asked whether her beginning to make partial payments would have any kind of negative effect with respect to the debt to which the Defendants responded "no, it would not have any negative effect."

39. Upon information and belief, the applicable statute of limitations governing the Defendant's claim expired in 2013. Were the Plaintiff to begin making payments toward the balance being collected, it would renew the statute of limitations – a significant negative effect for the Plaintiff.

40. The Plaintiff then asked if this debt was enforceable after the 12 years that have elapsed since her repossession. USI responded that this was going to stay on her "permanent record" and that it was indeed enforceable.

41. USI's agent went on to gather a significant and varied amount of financial and personal information from the Plaintiff and informed her that he could attempt to obtain a "negotiated plea" on her behalf that, together with payment by the Plaintiff of $2,000, would resolve the account. This caused a significant amount of confusion in the Plaintiff in that it brought to mind the possibility that criminal charges may be pending or possible related to this debt.

42. To date, Plaintiff has not received a written notice of validation from the Defendants related to this debt.

## INJURIES-IN-FACT

43. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

44. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

45. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." McCamis, at 4, citing Church, at 3.

46. Defendants is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

47. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

48. As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendants' collection efforts; and,

c.) Anxiety and worry caused by concern that she is being called upon to pay an improper claim.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et. seq.

49. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

50. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

51. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

52. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

53. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

54. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

55. During the course of his conversation with the Plaintiff, Defendants' agent made the following false or materially misleading representations to the Plaintiff designed to extract payment:

(a) That the Defendant's had a legal claim for payment at all. Neither the Defendants nor their predecessors complied with the requirements of O.C.G.A. 10-1-36. Thus, no claim for payment ever arose. All representations to the contrary violated 15 U.S.C. § 1692e, e(2)(A), and e(10);

(b) The Defendants intimations that because Autovest only recently acquired the account, it could still be reported to credit reporting bureaus were a violation of 15 U.S.C. § 1692e, e(2)(A), e(5) and e(10);

(c) The Defendants intimations, by the use of phrases such as "application for dismissal" and "negotiated plea", that legal process could be attached to its claim were objectively false and materially misleading and violated 15 U.S.C. § 1692e, e(2)(A), and e(10);

(d) The Defendants representations that beginning partial payments on the debt would not have any negative effect on the Plaintiff was objectively false in that it would likely revive the statute of limitations and thus violated 15 U.S.C. § 1692e, e(2)(A), and e(10); and

(e) The Defendants representation that the debt was still enforceable and was going to stay on Plaintiff's permanent record was objectively false and materially misleading as the debt is not legally enforceable, if it exists at all, and there is no permanent record applicable to the Plaintiff in this matter. Defendants' representations thus violated 15 U.S.C. § 1692e, e(2)(A), and e(10);

56. These false representations and statements were made in furtherance of Defendants' efforts to collect a consumer debt.

***Violations of 15 U.SC. § 1692f and its subparts***

57. The conduct of the Defendants as described herein was unfair and unconscionable. It preyed upon perceived weaknesses/fear/lack of sophistication of the Plaintiff.

58. Defendants' conduct violated 15 U.S.C. § 1692f.

***Violations of 15 U.SC. § 1692g***

59. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…

the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g.

60. Defendants advised the Plaintiff that Autovest had just recently purchased the account in collection from Wells Fargo and that it was "fresh to them". Presumably the initial communication from the Defendants to the Plaintiff

occurred in the phone call of December 18th, 2019.  Since that date, Plaintiff has not received the validation notice required by 15 U.S.C. § 1692b.

61. As a result of Defendants' violations of the FDCPA, Defendants is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

62. Plaintiff incorporates by reference paragraphs 1 through 61 as though fully stated herein.

63. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

64. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

65. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

66. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

67. Defendants intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

68. Defendants' conduct has implications for the consuming public in general.

69. Defendants' conduct negatively impacts the consumer marketplace.

70. Upon information and belief, Defendants does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

71. As a result of Defendants' violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

72. As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

73. As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

74. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

75. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

   a.) Plaintiff's actual damages;

   b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

   d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

   e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

   f.) Such other and further relief as may be just and proper.

Respectfully submitted this 29th day of December, 2019.

[Signatures Follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*